UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
CENTRAL DIVISION
(at Lexington)

| | | |
|---|---|---|
| MARY LAYNE BERRYMAN, | ) | |
| | ) | |
| Plaintiff, | ) | Civil Action No. 5: 20-037-DCR |
| | ) | |
| V. | ) | |
| | ) | |
| KATHY STEIN, et al., | ) | **MEMORANDUM OPINION** |
| | ) | **AND ORDER** |
| Defendants. | ) | |

*** *** *** ***

On May 15, 2020, the Court dismissed Plaintiff Mary Berryman's Amended Complaint alleging civil rights claims under 42 U.S.C. §§ 1983 and 1985. [Record Nos. 68, 69] After reviewing the pleading and the defendants' motions to dismiss, the Court explained that the Amended Complaint did not meet pleading standards under Rule 8 of the Federal Rules of Civil Procedure and that Berryman had failed to state a claim upon which relief could be granted under Rule 12(b)(6). Berryman has now filed a motion to alter, amend, or vacate the Court's Judgment pursuant to Rule 60 of the Federal Rules of Civil Procedure. [Record No. 71] The motion will be denied because Berryman has not identified any circumstances warranting such exceptional relief.

Rule 60(b) allows the Court to relieve a party from a final judgment, order, or proceeding for the following reasons:

(1)   mistake, inadvertence, surprise, or excusable neglect;
(2)   newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
(3)   fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;

(4) the judgment is void;
(5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
(6) any other reason that justifies relief.

Berryman does not indicate which portion of Rule 60(b) entitles her to relief. However, she claims that the defendants have altered her pleadings "on numerous occasions . . . through illegal accessibility to [her] computer, thus prejudicing her pleading scenario with this Court." To establish grounds for relief based on fraud under Rule 60(b)(3), Berryman must demonstrate, by clear and convincing evidence, that the Judgment "was obtained by fraud or misconduct." *Daniel v. DTE Energy Co.*, 592 F. App'x 489, 490-91 (6th Cir. 2015). Berryman's conclusory allegation, unadorned by any supporting factual details, falls far short of clear and convincing evidence that the Judgment in this matter was obtained by fraud.

Since none of Berryman's remaining arguments appear to fall under paragraphs (1)-(5), the Court will assume that she seeks relief under paragraph (6). Rule 60(b)(6) is the catch-all provision of the rule, and "applies only in exceptional or extraordinary circumstances which are not addressed by the first five numbered clauses of the Rule." *Blue Diamond Coal Co. v. Trustees of UMWA Combined Ben. Fund*, 249 F.3d 519, 524 (6th Cir. 2001). The Sixth Circuit has required "unusual and extreme situations where principles of equity *mandate* relief." *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 365 (6th Cir. 1990) (emphasis in original).

Berryman has not identified any circumstances warranting the extraordinary relief available under Rule 60(b)(6). She contends that Court's ruling was issued "prior to [Berryman] even being able to get her Response filed with this Court [DN 70] and prior to her having an opportunity to file Replies to Defendants' numerous Responses." [Record No. 71, p. 2]

The Court has reviewed Berryman's response to Defendant Jenny Scott's motion to dismiss, in which Berryman makes the conclusory allegation that Scott was acting under color of law during the events alleged. [Record No. 70] As the Court previously discussed, Berryman has not provided any *facts* to suggest that Scott was acting under color of law and therefore Berryman cannot sustain a § 1983 claim against Scott. Further, Berryman's argument regarding her lack of opportunity to "file replies" is erroneous. The defendants filed motions to dismiss, Berryman filed responses, and the defendants filed replies. The Local Rules of Civil Practice do not provide for the filing of a surresponses or surreplies, and Berryman did not have permission to file additional briefing in this matter. *See* L.R. 7.1.

Berryman's claim that the Court disregarded her numerous responses to the individual motions to dismiss is simply inaccurate. The Court is not required to explicitly discuss every argument raised by a litigant, particularly when the argument is clearly without merit. *United States v. Gale*, 468 F.3d 929, 940 (6th Cir. 2006) (citing *United States v. Cooper*, 437 F.3d 324, 329 (3d Cir. 324, 329 (3d Cir. 2006)); *Malbon v. Pa. Millers Mut. Ins. Co.*, 636 F.2d 936, 939 n.8 (4th Cir. 1980) ("An argument to which *sub silentio* treatment is accorded may be deemed not have required specific reference. . . ."). Additionally, Berryman has not identified any specific argument that the Court failed to consider or explained how she was prejudiced by the Court's treatment of any particular issue.

The Court also rejects Berryman's argument that she is entitled to default judgment against Defendant Alan Stein based on his failure to respond to the Amended Complaint. As the Court previously explained, Berryman did not allege any facts to state a plausible claim against Stein under any identifiable theory. *See Surtain v. Hamlin Terrace Found.*, 789 F.3d 1239 (11th Cir. 2015) ("[T]he correct inquiry in the context of a motion for default judgment

is whether the plaintiff has alleged sufficient facts to state a plausible claim for relief."); *Poteet v. Edsouth*, No. 3:12-CV-580, 2012 WL 5878729, at *3 (W.D. Ky. Nov. 21, 2012) ("The Bankruptcy Court was also correct to not enter default judgment where the plaintiff fails to state a plausible claim for relief."). Berryman still has not attempted to clarify the nature of her claims against Stein and has not demonstrated any reason for disturbing the Court's Judgment.

Berryman also contends that she suffers from post-traumatic stress disorder and the "impairment was not accommodated when the Court entered various Orders in this case, denying [her] requests." Berryman does not specify what accommodations she sought or how their alleged denial prejudiced her in this matter. This vague claim does not justify relief under Rule 60(b)(6).

Finally, Berryman requests that the undersigned recuse from this matter. However, she has not identified any valid basis for granting this request under the governing statute, 28 U.S.C. § 455. Accordingly, it is hereby

**ORDERED** that Berryman's motion for relief from Judgment under Rule 60(b) of the Federal Rules of Civil Procedure [Record No. 71] is **DENIED**.

Dated: June 3, 2020.

Danny C. Reeves, Chief Judge
United States District Court
Eastern District of Kentucky